## PINDER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1901.)

INJURIES TO TRAVELER ON HIGHWAY—STREET RAILWAYS—NEGLIGENCE OF MOTORMAN.

Plaintiff's intestate, a bright boy, 14 years of age, was kicked off the front platform of a street car by the motorman, and fell, screaming, on his back. He got up and walked slowly and lame across the other track, when, he was struck by a car coming from the opposite direction from the one on which he had been riding, and received injuries causing his death. *Held* error to nonsuit plaintiff, as the question of whether he was in the exercise of ordinary care under the circumstances was for the jury.

Appeal from trial term, Kings county.

Action by James M. Pinder, as administrator of Arthur Pinder, deceased, against the Brooklyn Heights Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Robert Stewart, for appellant.
I. R. Oeland, for respondent.

HIRSCHBERG, J. Adopting the most favorable view of the evidence for the plaintiff, it would seem to follow that the judgment of nonsuit should be reversed. The question determined by the court was one of fact, and not of law, and it should, therefore, have been submitted to the jury. The accident occurred on East Seventy-Sixth

street, Brooklyn, opposite Eppigg's Hotel, near Bergen Beach. The plaintiff's intestate, a bright, intelligent lad, 14 years of age, was riding on the front platform of a Lorimer street car, going in the direction of the beach. He was kicked off the car by the motorman, and fell, screaming, upon his back. The car continued toward the beach. The boy picked himself up, turned, and walked slowly and lame across the other track, when he was struck by a Nostrand avenue car, coming from the beach without warning and at a very high rate of speed, and received injuries from which he died that day. The nonsuit appears to have been based chiefly upon the ground that there was no evidence given to prove that the boy looked or listened before he attempted to cross the track. Both cars were operated by the defendant, however, and there was nothing in the case to indicate that the motorman's act was justified in the slightest degree. It may very well be that the brutal treatment which the boy received, if wholly unprovoked and unexpected, resulting in a violent fall from a moving car upon his back upon the pavement, may have rendered him for the moment unable to exercise his faculties with normal acuteness, and that, under the influence of the impaired condition thus wrongfully created by the defendant, he could neither appreciate nor avoid the impending danger. The learned trial justice considered that but a step or two was required in order to place him in front of the car by which he was killed; and if the act of the motorman, in the opinion of the jury, did create a condition by which he was caused to walk at once in front of the oncoming car, without realizing what he was doing, or appreciating the danger he was incurring, the effect would be quite similar in principle as if the motorman had kicked him over to the other track, and directly in front of that car. The question of negligence in the operation of the Nostrand avenue car is not now under consideration. In the view taken, it is apparent that practical men might reasonably conclude that the deceased exercised all the caution which was to have been expected of him under the circumstances created by the defendant's wrongful act of violence, and that therefore contributory negligence could not be predicated as matter of law. If he was blameless, in a legal sense, for his act in stepping in front of the Nostrand avenue car, then the jury might properly determine, under suitable instruction, that the act of the motorman in kicking him off the Lorimer street car was negligence imputable to the defendant, wholly independent of any question of negligence in the operation of the car by which he was killed.

The judgment should be reversed, and new trial granted; costs to abide the event. All concur.